1  **WARNOCK MACKINLAY LAW PLLC**
2  7135 East Camelback Road, Suite F240
   Scottsdale, Arizona 85251
3  Telephone: (602) 381-6529
   Fax: (602) 903-2411
4  Nathaniel B. Preston, State Bar No. 030551
5  Npreston@warnocklaw.com
   Christian Pedersen, State Bar No. 035898
6  cpedersen@warnocklaw.com
7  Attorney for Plaintiff

8           **IN THE UNITED STATES DISTRICT COURT**
9              **FOR THE DISTRICT OF ARIZONA**

10

11  Victor Ross, an individual,                | Case No.

12                          Plaintiff,          | **AMENDED VERIFIED COMPLAINT**
13   vs.
                                                 | (Negligence)
14  United States of America; Department of
    Defense ("DOD") and its subsidiary
15  Department of the Air Force ("USAF"),
    Davis-Monthan Air Force Base, John Doe
16  1 ("JD1") the unknown gate/barrier
    operator in his individual capacity as agent
17  of the USAF, John Does I-X, Jane Does I-
    X, ABC Corporations I-X,
18
19
                            Defendant.
20

21

22          Victor Ross, an individual, sues the United States of America ("United States" or

23  "Defendant") for compensatory damages under 28 U.S.C. §§ 2671 *et seq*. and 2674, the Federal

24
25  Court Tort Claims Act, and Arizona state law.

26                              **JURISDICTION**

27      1.      This action arises under 28 U.S.C. §2674 and Arizona state law.  This Court has
28

jurisdiction under 28 U.S.C. §1343(a)(3) and §1346(b)(1). This Court has supplemental jurisdiction under 28 U.S.C. §1367 to adjudicate claims arising under state law. The Federal Tort Claims Act, pursuant to 28 U.S.C. §§ 1346(b) and 2671-2680, authorizes monetary recovery for damages such as property damage, personal injury, and other losses in cases where the damages occurred as a result of the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1326(b).

2.      Venue is proper within the District of Arizona pursuant to 28 U.S.C. §1391, because the events complained of herein occurred within the District of Arizona in Pima County, Arizona in an incident involving an agent of the United States, a security personnel for the Department of the Air Force.

**PARTIES**

3.      Victor Ross ("Victor" or "Plaintiff") is, and at all times relevant hereto was, an individual residing in Pima County, Arizona.

4.      Defendant United States has the Department of Defense ("DOD") and its subsidiary Department of the Air Force ("USAF"), and an unknown gate/barrier operator ("John Doe 1", or "JD1"), in his individual capacity as agent of the USAF as its constituent agents and agencies. At all relevant times, Defendant United States employed JD1 as an agent and official of the USAF, and is liable for his torts committed while in the course and scope of employment with the USAF.

5.      Agencies of the United States, DOD and its subsidiary agency USAF, employed JD1 as an agent and official at all relevant times. DOD and USAF were responsible for supervising and training JD1in his duties relating to the operation of the security gate/barrier at the Davis-Monthan Air Force Base, including Plaintiff.

6.      United States' agent JD1 is, and at all times relevant hereto was, an employee of DOD, assigned to USAF. On information and belief, JDI was assigned to the Security Forces personnel, working within Pima County, Arizona, and in such capacity, was acting within the course and scope of his employment with DOD and USAF at all relevant times.

7.      United States' agent USAF owned, installed, operated, maintained, repaired and inspected a security gate at the Davis-Monthan AFB. JD1 was authorized and/or entrusted to use said gate/barrier such that the United States is liable for JD1's acts and omissions under principles of vicarious liability, for those torts committed while JD1was operating the gate/barrier under the course and scope of his employment duties as an agent of the USAF.

8.      At all relevant times, agents of Defendant have committed the acts, caused others to commit the acts, or permitted others to commit the acts alleged herein.

**COMPLIANCE WITH GOVERNMENT CLAIM STATUTE**

9.      Plaintiff timely complied with the Federal Tort Claims Act by filing a Federal Tort Claim against United States' agency USAF in a Form 95 Notice of Claim originally on October 25, 2021. USAF, who acknowledged the Notices of Claim, has agreed that the deadline for Plaintiff to file a Complaint on these claims would be no later than six months following the July 26, 2022 letter of claim denial from counsel for USAF.

**GENERAL ALLEGATIONS**

10.     On February 1, 2020, Plaintiff Victor, a contractor for a business called Climatec, was invited to attend a business meeting held at the Davis-Monthan AFB. Every visitor to the base must pass through a hydraulic vehicle barrier in order to gain access to the base.

11.     Victor was driving his vehicle, when he was signaled to enter the base.

12.     As he was passing through the security gate, and directly over the hydraulic vehicle barrier, JD1 negligently raised the barrier, causing Victor's vehicle to rise about 3 feet in the air, and then suddenly drop to the ground. Plaintiff was properly restrained at the time of the collision.

13.     Having no time to react or avoid JD1 raising the barrier, Plaintiff was unable to take any action to avoid his vehicle being lifted and dropped by the barrier.

14.     As a direct and proximate result of Kramer's negligence, Plaintiff sustained serious bodily injuries, some of them permanent in nature, and required past medical treatment and will require future medical care for his injuries, including the possibility of steroid epidural injections and possibly spinal surgery.

15.     Plaintiff's injuries sustained in the collision at issue include, but are not limited to:

- **Posttraumatic headaches**
- **L3-4 disc herniation**
- **L4-5 disc herniation**
- **L5-S1 disc herniation causing nerve pain and irritation**
- **Nerve Root Compress in Lumbosacral Spine**
- **Abnormal Curvature in Lumbar Region**
- **Severe Nerve Pain in Lumbar Region Radiating into Lower Extremities**
- **Sprained / strained muscles and ligaments of lower back**
- **Lower Back Pain**
- **Exacerbated Degeneration of Spinal Canal in Lumbar Region**

- **Insomnia**
- **Fatigue**
- **Anxiety**
- **Depression**
- **Extreme stress**

16.     Plaintiff's current past medical expenses for treatment for injuries sustained in the collision at issue have totaled **$42,644.39**, which special damages do not take into account the general damages claimed by Plaintiff, nor future medical care.

17.     Following the collision, Defendant United States agency USAF failed to compensate Victor for his property damage losses. This has presented a huge financial hardship and inconvenience for Victor and his family.  His repair costs for his vehicle were **$9,618.98.**

18.     Plaintiff did absolutely nothing wrong, was wholly unable to avoid the collision, and acted as any reasonable and prudent person would have acted under similar circumstances. As a result of JD1's negligent act, Plaintiff has sustained injury and incurred damages. Defendant is liable to Plaintiff for all of his damages.

### FIRST CAUSE OF ACTION
**Negligence**

19.     Plaintiff incorporates by reference each allegation set forth above.

20.     JD1, agent of Defendant United States, had a duty to operate the vehicle gate/barrier he was operating in a reasonably safe and prudent manner to protect Plaintiff and others against unreasonable risk of harm or injury.

21.     JD1 breached that duty by failing to pay attention to Victor and the position of his vehicle, causing Victor's vehicle to rise and then drop suddenly.

5

22.     Plaintiff Victor did absolutely nothing wrong, and there was no evasive action he could have taken to avoid this incident.

23.     As a direct and proximate result of JD1's negligence, Plaintiff suffered considerable harm, including but not limited to past and future medical expenses, property damage, loss of use, economic losses, pain and suffering, loss of enjoyment of life, and mental distress.

24.     Defendant United States is vicariously and jointly and severally liable to Plaintiff for damages stemming from JD1's negligence, because he was employed by Defendant and was working within the course and scope of his employment as an agent of USAF when he caused Victor's vehicle to rise and then drop suddenly, and Defendant's agencies negligently permitted him to operating the gate/barrier. They further failed to properly train and supervise JD1 in operational safety, in order to avoid such incidents.

## DAMAGES

25.     As a direct and proximate result of JD1's negligence, Plaintiff suffered considerable harm, including but not limited to past and future medical expenses, property damage, loss of use, economic losses, pain and suffering, loss of enjoyment of life, and mental distress.

## RELIEF

**WHEREFORE**, Plaintiff prays for judgment and order against Defendant as to each and every cause of action as follows:

a.   General damages in an amount an amount to be determined at trial;

b.  Special damages in an amount an amount to be determined at trial;

c.  Such other and further relief as the Court deems just and proper.

DATED this 13th day of December, 2022.

**WARNOCK MACKINLAY LAW PLLC**

By: _/s/Christian Pedersen___
Christian Pedersen
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14th 2022, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing.

I further certify that I caused a copy of the foregoing Verified Complaint to be sent by certified mail to the following addresses:

Attorney General William Barr              Department of the Air Force
Attorney General of the United States      Air Force Claims/Tort Litigation Dept.
U.S. Department of Justice                  1500 E. Perimeter Road, Suite 1700
950 Pennsylvania Avenue NW                  Joint Base Andrews, MD 20762
Washington, D.C.  20530

355 WG/JA
3405 S. Fifth Street
Davis-Monthan AFB, AZ 85707

I further certify that I caused a copy of the foregoing Verified Complaint to be served via personal service by a process server on the following persons and entities:

Michael Bailey, Esq.
U.S. Attorney's Office
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004

1    By: /s/ Haila Boyer

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28