**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Ross, | No. CV-22-00556-TUC-JCH |
|        Plaintiff, | **CASE MANAGEMENT ORDER** |
| v. | |
| United States of America, et al., | |
|        Defendants. | |

The Court enters the following Case Management Order:

1. <u>Initial Disclosures</u>. The parties shall exchange initial disclosures required under Rule 26(a)[1] by **June 16, 2023**.

2. <u>Pleading Deadline</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3. <u>Discovery Limitations</u>. Depositions are limited to seven hours each as provided in Rule 30(d)(1). Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>Fact Discovery</u>. The deadline for completing fact discovery, including discovery by subpoena, is **January 31, 2024**. To ensure compliance with this deadline, the following rules shall apply:

    a. Depositions: All depositions shall be scheduled to commence at least **five**

---

[1] All rules reference the Federal Rules of Civil Procedure unless otherwise indicated.

**working days** before the fact discovery deadline. A deposition commenced five days before the deadline may continue up until the deadline, as necessary.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

c. Extensions: The parties may agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36. Such agreed-upon extensions, however, do not alter or extend the Court's discovery deadlines.

d. Special Provisions Regarding Rule 34 Responses: Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted. Document production in response to a Rule 34 request shall be completed by the time specified in the request or another reasonable time specified in the response. An objection to a Rule 34 request shall state whether any responsive materials have been withheld based upon that objection.

5. <u>Expert Disclosures and Discovery</u>.

a. Plaintiff(s) shall complete expert disclosures required under Rule 26(a)(2)(A)–(C) by **October 16, 2023**.

b. Defendant(s) shall complete expert disclosures required under Rule 26(a)(2)(A)–(C) by **October 16, 2023**.

c. Rebuttal expert disclosures, if any, shall be made by **November 20, 2023**. Rebuttal experts are limited to responding to opinions stated by initial experts.

d. Replies to expert rebuttals, if any, shall be made by **December 29, 2023**.

e. Expert depositions shall be completed by **January 31, 2024**, and shall commence at least five working days before that deadline.

1
2
3
4
5
6
7
8
9
10

    f.  Disclosures under Rule 26(a)(2)(A) shall include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures shall identify not only the subjects on which the witness will testify but shall also provide a summary of the facts and opinions to which the expert will testify. The summary, clearly not as detailed as a Rule 26(a)(2)(B) report, shall be sufficiently detailed to provide fair notice of what the expert will say at trial.[2]

11
12
13
14
15
16
17
18
19
20

    g.  As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) shall set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this in mind.

21     h.  Each side is limited to one testifying expert witness per issue.

22   6.  <u>Expedited Procedure for Resolving Discovery and Disclosure Disputes</u>.

23
24

    a.  The parties shall not file written discovery/disclosure motions without leave of Court. This procedure applies to all disputes between parties to the

25
26
27
28

[2] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

- 3 -

1  action that could properly be addressed in motions for protective order

2  under Rule 26(c), disclosure under Rule 37(a), or motions to compel.[3]

3     b.  When the parties have a dispute that could properly be addressed under

4  Rule 26(c), Rule 37(a), or motions to compel, they shall file with the court

5  a joint statement of discovery/disclosure dispute. The joint statement shall

6  not exceed 3 pages of explanatory text, with each party entitled to submit

7  one and one-half pages of that text. Parties shall not file a joint statement

8  without first seeking to resolve the matter through personal consultation

9  and sincere effort as required by Local Rules of Civil Procedure 7.2(j). The

10  purposes of the joint statement are to notify the court of the dispute, and to

11  make a record of the discovery or disclosure sought. Briefing on the dispute

12  is permitted only if ordered by the Court.

13     c.  Unless the Court orders otherwise, the parties may jointly contact the court

14  by telephone or email to request a hearing on the joint statement of

15  discovery/disclosure dispute. The Court will schedule the matter at the

16  earliest convenient time, whether by telephone or in-person. The Court may

17  order written briefing if it does not resolve the dispute during the

18  conference. Any briefing ordered by the Court shall also comply with Local

19  Rule of Civil Procedure 7.2(j).

20     d.  The Court may issue a minute entry setting forth the resolution of the

21  discovery dispute. After resolution, a party may file with the Court those

22  materials necessary to create a record of the discovery or disclosure the

23  Court permitted or denied.

24     e.  Absent extraordinary circumstances, the Court will not entertain fact

25  discovery disputes after the deadline for completion of fact discovery and

26  will not entertain expert discovery disputes after the deadline for

27

28

---

[3] The prohibition on "written discovery motions" includes any written materials delivered, emailed or faxed to the Court, including hand-delivered correspondence with attachments.

- 4 -

completion of expert discovery.

7. <u>Dispositive Motions</u>.

    a. Dispositive motions shall be filed by **February 29, 2024**. Such motions shall comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

    b. No party shall file more than one motion for summary judgment under Rule 56 without permission from the Court.

    c. Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed fifteen (15) pages in length, exclusive of exhibits.

    d. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion as required under Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

8. <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks by **December 31, 2023**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth above, the parties shall file with the Court a joint report on settlement talks. The report shall confirm that good faith settlement talks have occurred and report the outcome. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

9. <u>Request for Settlement Conference</u>.

    a. At a party's request or on its own, the Court may require the parties to participate in a pretrial settlement conference held before a Magistrate Judge.

    b. Each party and its counsel shall attend a settlement conference unless specifically excused by the Court for good cause. Additionally, each party shall have a representative present who has actual settlement authority and

1    may enter into a binding settlement agreement. All participants shall appear

2    in person unless the parties agree or the Court orders otherwise.

3    c.  If the matter is referred to a settlement conference, each party shall submit,

4    but not file, a settlement conference memorandum to the Magistrate Judge

5    no later than five (5) days before the settlement conference. Unless the

6    Magistrate Judge orders otherwise, settlement conference memoranda shall

7    be served on every other party and include:

8    i.  a general description of the claims, defenses, and issues in the

9    action, and the party's position on each claim, defense, and issue;

10    ii.  a general description of the evidence the party anticipates presenting

11    at trial;

12    iii.  a summary of any settlement negotiations that have already

13    occurred;

14    iv.  the party's assessment of the likely outcome if the action proceeds to

15    trial; and

16    v.  any other information that might be helpful in settling the action

17    10. The Deadlines are Real. The Court will enforce these deadlines. The parties should

18    plan their litigation activities accordingly.

19    11. Briefing Requirements.

20    a.  All memoranda filed with the Court shall comply with Local Rule of Civil

21    Procedure 7.1(b) requiring 13-point font in text and footnotes.

22    b.  Citations to supporting authority shall be included in the text, not in

23    footnotes.

24    **IT IS SO ORDERED**.

25    Dated this 15th day of May, 2023.

26

27    _____

28    Honorable John C. Hinderaker
      United States District Judge

- 6 -